IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTY ANN SALAFRIO, | } | No. 4:CV-02-0619 |
| Plaintiff, | } | |
| v. | } | Judge Muir |
| | } | |
| THE PENNSYLVANIA STATE | } | Jury Trial Demanded |
| UNIVERSITY, | } | |
| RUDY L. SLINGERLAND, and | } | Complaint filed: 4/12/02 |
| DONALD FISHER, | } | |
| Defendants. | } | **Electronically Filed** |

### DEFENDANTS' POINTS FOR CHARGE – DAMAGES

James M. Horne, Esquire
I.D. No. 26908
McQUAIDE, BLASKO, SCHWARTZ,
FLEMING & FAULKNER, INC.
811 University Drive
State College, PA 16801
(814) 238-4926

Attorneys for Defendants

**<u>1.</u>**

The Plaintiff, Kristy Salafrio, has the burden of proving each and every element of damage which she seeks. It is not up to the Defendants to disprove an element of damage.

<u>Kmiotek v. Anast</u>, 350 Pa. 593, 39 A.2d 923 (1944); <u>Cohen v. Albert Einstein Medical Center</u>, 405 Pa. Super. 392, 592 A.2d 720 (1991), <u>alloc</u>. <u>den.</u>, 529 Pa. 644, 602 A.2d 855 (1992).

_____ Given

_____ Refused

_____ Modified

_____ Refused, as covered in the general charge

**<u>2.</u>**

You may not award damages based on guess, speculation, or conjecture, or on the possibility that there may be or could have been harm in the past, or that there will be harm in the future.  Only damages that are proven with reasonable certainty are recoverable.

> <u>Kearns v. Clark</u>, 343 Pa. Super. 30, 493 A.2d 1358 (1985).

_____ Given

_____ Refused

_____ Modified

_____ Refused, as covered in the general charge

**<u>3.</u>**

You are not permitted to base your verdict on guesswork, speculation, or conjecture, or sympathy for a party.

> <u>Engle v. Spino</u>, 425 Pa. 254, 228 A.2d 745 (1967); <u>Satovich v. Lee</u>, 385 Pa. 133, 122 A.2d 212 (1956).

_____ Given

_____ Refused

_____ Modified

_____ Refused, as covered in the general charge

**4.**

The mere possibility that Plaintiff, Kristy Salafrio, may incur medical expenses in the future is not a sufficient basis upon which to base any award of damages for this aspect of Plaintiff's claim, nor are you permitted to award such damages based on speculation as to whether such expenses may be incurred.

Kearns v. Clark, 343 Pa. Super. 30, 493 A.2d 1358 (1985).

_____ Given

_____ Refused

_____ Modified

_____ Refused, as covered in the general charge

**<u>5.</u>**

With respect to any claim by Plaintiff, Kristy Salafrio, for an award of damages for future medical expenses, she has the burden of proving by expert testimony not only that such expenses will be incurred, but also the reasonable estimated cost of such services.  If you find that Plaintiff has failed to satisfy one or both of these elements, then you should award no damages for this aspect of Plaintiff's claim.

<u>Mendralla v. Weaver Corp</u>, 703 A.2d 480 (1997).

_____ Given

_____ Refused

_____ Modified

_____ Refused, as covered in the general charge

**6.**

There is no relationship between the amount of medical expenses required to treat a particular injury and the quantity of pain and suffering sustained as a result of that injury. Therefore, in making any award of damages for pain and suffering you should consider only the evidence actually presented on that issue and not base your award, if any, on the amount of medical expenses incurred for treatment.

> Martin v. Soblotney, 502 Pa. 418, 466 A.2d 1022 (1983); Carlson v. Bubash, 432 Pa. Super. 514, 639 A.2d 458 (1994), alloc. den., 540 Pa. 592, 655 A.2d 982 (1994).

_____ Given

_____ Refused

_____ Modified

_____ Refused, as covered in the general charge

                                                McQUAIDE, BLASKO, SCHWARTZ,
                                                FLEMING & FAULKNER, INC.

Dated:  March 31, 2003          By:  /s/ James M. Horne
                                                     James M. Horne, Esquire
                                                     I.D. No. 26908
                                                   Chena L. Glenn-Hart, Esquire
                                                   I.D. No. 82750
                                                   811 University Drive
                                                   State College, PA  16801
                                                   (814) 238-4926

                                                 Attorneys for Defendants